IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARDO TAVARES,

    Plaintiff,                    No. CIV S-07-1770 MCE DAD P

    vs.

MICHAEL FARLEY,

    Defendant.                FINDINGS & RECOMMENDATIONS

         Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3    (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
5    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989); Franklin, 745 F.2d at 1227.
8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
11   Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
12   355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a
13   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
14   must contain factual allegations sufficient "to raise a right to relief above the speculative level."
15   Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must
16   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital
17   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
18   plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421
19   (1969).
20   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

24   42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
26   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has named attorney Michael Farley as the defendant. Plaintiff alleges that he hired Mr. Farley in June 2004 to defend him against criminal charges for driving under the influence in Placer County.  Plaintiff alleges that Mr. Farley neglected to bring a motion to dismiss or challenge the circumstantial evidence put forth by the prosecution in his case.  Plaintiff claims that he felt pressured to accept his sentence in a plea bargain even though the evidence against him was not conclusive.

Under § 1983, plaintiff has a right to be free from violations of constitutional guarantees by those acting under color of state law.  Van Ort v. Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).  However, plaintiff's trial counsel is not a "state actor" for purposes of § 1983.  See Briley v. State of California, 564 F2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act.").  See also Miranda v. Clark County, 319 F.3d 465 (9th Cir. 2003) (en banc) (public defender is not a state actor).  Accordingly, the court concludes that plaintiff's complaint should be dismissed for failure to state a claim.

/////

Plaintiff is advised that a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking only to challenge the fact or duration of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). To the extent that plaintiff seeks relief from his sentence, his sole remedy is a writ of habeas corpus.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 8, 2008 application to proceed in forma pauperis be denied; and

2. This action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 2, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
tava1770.56